**Affirmed and Opinion filed August 18, 2015.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-14-00346-CR

**JESUS A. ZUNIGA-HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1923852**

## O P I N I O N

Appellant pleaded "guilty" and was convicted of driving while intoxicated. Before his plea, appellant moved to suppress evidence on grounds that the officer conducting the traffic stop had no reasonable suspicion of criminal activity. The trial court denied the requested relief, and appellant now challenges that pretrial ruling. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Sergeant Brian Waldroup was covering the night shift. At about 1:30 a.m., he noticed appellant Jesus A. Zuniga-Hernandez driving at a low rate of speed. Sergeant Waldroup began following appellant's car and soon noticed the vehicle swerving within its lane. Twice, the vehicle crossed over the striped lane by about one tire's length and then crossed back into the lane. Appellant did not signal a lane change either time. Next, Sergeant Waldroup saw appellant turn left, and "cut the corner." Appellant then failed to maintain his lane two more times. Sergeant Waldroup became concerned for appellant's welfare. Thinking appellant could be ill or intoxicated, Sergeant Waldroup initiated a traffic stop.

The traffic stop led Sergeant Waldroup to gather evidence the State sought to use to prove appellant was driving while intoxicated. Appellant moved to suppress the evidence on the grounds that Sergeant Waldroup conducted an illegal traffic stop. The trial court conducted a hearing on the motion to suppress. Sergeant Waldroup testified at the hearing. When asked if appellant was a danger to other drivers, Sergeant Waldroup responded: "Any other drivers in the area? There was one — there [were] a few other vehicles, as you can see, in the video. So, yes, I would consider that." On cross-examination, Sergeant Waldroup testified that there was no other traffic around at the time of the violations and no other driver had to take evasive actions to avoid appellant. The trial court ultimately denied the motion to suppress.[1]

---

[1] In his motion to suppress and at the hearing on it, appellant asked the trial court to make findings of fact and conclusions of law. The trial court did not do so. In the first issue of his appellate brief, appellant requested that we abate the appeal and direct the trial court to make the required findings and conclusions. *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). The State agreed abatement was the proper remedy. *See* Tex. R. App. 44.4. We abated the appeal for the trial court to issue findings of facts and conclusions of law. After the trial court filed findings of facts and conclusions of law, we reinstated the appeal. Accordingly,

2

In his second issue, appellant contends the trial court erred in denying his motion to suppress, arguing a law enforcement officer violated his rights when the officer stopped his vehicle without reasonable suspicion of criminal activity.

### ANALYSIS

When reviewing a trial court's ruling on a motion to suppress, we apply an abuse-of-discretion standard; we overturn the trial court's ruling only if it is outside the zone of reasonable disagreement. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). We use a bifurcated standard of review, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that turn on the credibility of a witness; we apply a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations. *Id.* at 922–23.

The reviewing court views the evidence in the light most favorable to the trial court's ruling. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

An investigative detention requires a police officer to have reasonable suspicion of criminal activity. *See Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim.

appellant's first issue is moot. *See Wilkerson v. State*, 347 S.W.3d 720, 721 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

App. 1997). The reasonableness of a temporary detention is determined from the totality of the circumstances. *Id.* at 38. We determine, using an objective standard, whether the facts available to the officer at the moment of detention would warrant a person of reasonable caution to believe that the action taken was appropriate. *See Miller v. State*, 418 S.W.3d 692, 696 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). If an officer has a reasonable basis for suspecting a person has committed a traffic offense, then the officer legally may initiate a traffic stop. *Miller*, 418 S.W.3d at 696. Reasonable suspicion is present if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead the officer reasonably to conclude that a person actually is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). An officer's stated purpose for a stop can neither validate an illegal stop nor invalidate a legal stop because the stop's legality rests on the totality of the circumstances, viewed objectively. *See Miller*, 418 S.W.3d at 696; *Simpson v. State*, 29 S.W.3d 324, 328 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

Appellant argues the traffic stop was illegal because the officer did not testify that appellant's movement out of the lane was unsafe and therefore the officer did not have a reasonable basis for suspecting appellant committed a traffic offense. Texas Transportation Code Section 545.060, entitled, "Driving on Roadway Laned for Traffic," provides in pertinent part:

> (a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
>> (1) shall drive as nearly as practical entirely within a single lane; and
>> (2) may not move from the lane unless that movement can be made safely.

4

(b) If a roadway is divided into three lanes and provides for two-way movement of traffic, an operator on the roadway may not drive in the center lane except:

(1) if passing another vehicle and the center lane is clear of traffic within a safe distance;

(2) in preparing to make a left turn; or

(3) where the center lane is designated by an official traffic-control device for movement in the direction in which the operator is moving.

Tex. Transp. Code Ann. § 545.060 (West, Westlaw through 2013 3d C.S.). An operator violates section 545.060 only when the vehicle's movement is unsafe. *Miller*, 418 S.W.3d at 696–97.

Sergeant Waldroup testified that he saw appellant's vehicle weaving within the lane and watched it cross over the lane several times within a relatively short distance. According to the officer, appellant failed to maintain a single lane twice, cut the corner while making a left-hand turn, and then crossed the lane divider two more times. Sergeant Waldroup testified there were other vehicles in the area and he considered those other vehicles in his decision to initiate the traffic stop. Sergeant Waldroup also testified that there was no other traffic around. The trial court found Sergeant Waldroup's testimony credible and found that Sergeant Waldroup did not see vehicles next to appellant, but that appellant was a danger to other vehicles in the area. Appellant argues that Sergeant Waldroup's testimony that there was no other traffic around proves appellant's driving was not dangerous to others, but Sergeant Waldroup also testified that other vehicles were in the area. And, of course, Seargeant Waldroup's vehicle was not only in the area but in close proximity. We must view this evidence in the light most favorable to the trial court's ruling and defer to the trial court's findings of fact. *See Ross*, 32 S.W.3d at 855.

This court has determined that a defendant who weaved between lanes three to four times violated section 545.060 even though the defendant did not pose a danger to others. *See Gajewski v. State*, 944 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Traffic safety laws are designed to protect not only the safely of others, but also the safety of the driver in question. *Id.* By weaving in and out of traffic lanes, appellant demonstrated he was unable to safely operative a motor vehicle and if he continued to operate the vehicle appellant was a danger to himself and other drivers in the area. *See id.*

Appellant cites several cases in which Texas courts determined a defendant did not violate section 545.060 even though the defendant's car drifted into another lane. But, appellant does not cite any cases featuring the accompanying infractions or level of erratic driving reflected in this record—weaving within the driver's lane, swerving across the traffic-lane divider four times within a relatively short distance, and cutting the corner while making a left-hand turn without signaling. Appellant attempts to distinguish *Gajewski* on the grounds that in *Gajewski* one-third of the defendant's car crossed the divider lane whereas appellant crossed the lane divider only by about a tire's length. Even so, the difference is unpersuasive, especially given the other driving infractions.

We conclude the record reasonably supports the trial court's denial of the motion to suppress. Therefore, we overrule appellant's second issue.

## CONCLUSION

The record evidence supports the trial court's conclusion that appellant's driving was dangerous and violated section 545.060. *See id.* Thus, the officer had reasonable suspicion to conduct the traffic stop. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to suppress. We affirm the trial court's judgment.


/s/ Kem Thompson Frost
   Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Publish — TEX. R. APP. P. 47.2(b).