**Affirmed and Opinion filed November 8, 2016.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-15-00822-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**ALBERT TYRONE BERNARD, Appellee**

**On Appeal from County Court No. 3
Galveston County, Texas
Trial Court Cause No. MD-348570**

## O P I N I O N

The State of Texas appeals from a pre-trial order granting Albert Tyrone Bernard's motion to suppress the warrantless stop and blood alcohol test results in a prosecution for misdemeanor driving while intoxicated.[1]  For the reasons that follow, we affirm.

---

[1] The State may appeal an order in a criminal case granting a motion to suppress evidence.  Tex. Code Crim. Proc. art. 44.01(a)(5).

## FACTUAL AND PROCEDURAL BACKGROUND

On August 20, 2014, at approximately 2:30 a.m., Deputy Tracy Watson was traveling southbound on Highway 146, south of the City of Kemah, in Galveston County. Watson observed a vehicle, driven by Bernard, about a quarter of a mile in front of her and "swerving from lane to lane and even going into the center lane." Watson activated her emergency lights and pulled the vehicle over.[2]

Watson testified that Bernard was driving his vehicle at the correct speed, all equipment was functioning properly on the vehicle, the registration and insurance were valid, and he stopped his vehicle normally when he was pulled over. Watson further testified that Bernard's driving did not interfere with any other vehicles and there was nothing unsafe about his driving.

After stopping Bernard, Watson requested that Bernard pull his vehicle into a parking lot out of traffic. Bernard complied without incident. In response to Watson's queries, Bernard told her he had two shots of tequila prior to leaving work.

Deputy Jacob T. Manuel arrived at the scene to assist Watson. After speaking with Watson, Manuel approached Bernard. Manuel testified that Bernard admitting to consuming alcoholic beverages that evening and Bernard's eyes were glassy. Manuel further testified that he did not smell the odor of alcohol on or about Bernard; instead, he smelled cologne, which Manuel described as a "cover-up" odor to mask the smell of alcohol. Manuel did not suspect any type of drug impairment and did not observe any type of open container of alcohol in the vehicle.

---

[2] Watson testified that the in-car video system on the dashboard of her vehicle will automatically back up and show the events occurring for two minutes prior to when she activates her overhead emergency lights. The video taken from Watson's dash camera in this case was admitted as State's Exhibit 1.

Manuel asked Bernard to step out of the car; he initially was uncooperative. Eventually, Bernard got out of the car but refused to participate in field sobriety tests. Manuel placed Bernard under arrest for driving while intoxicated and took him into custody.

Manuel asked Bernard if he would provide a specimen of his breath or blood for analysis, and he refused. Manuel prepared an affidavit for a search warrant to take Bernard's blood. The search warrant was issued about an hour and fifteen minutes after Manuel came in contact with Bernard.

### *Motion to Suppress*

Bernard was charged with the offense of misdemeanor driving while intoxicated. Bernard filed a pre-trial motion to suppress, arguing that he was stopped and subsequently arrested without a warrant and without probable cause in violation of the U.S. Constitution and the laws and constitution of the State of Texas. He further asserted that the traffic stop and blood alcohol test results should be suppressed because each were in violation of his constitutional rights.

At the hearing on Bernard's motion, the State stipulated Bernard was arrested without a warrant. Additionally, the trial court took judicial notice of Section 545.060 of the Texas Transportation Code at Bernard's request.[3] The trial court heard testimony from Watson and Manuel. Additionally, the trial court accepted into evidence two exhibits from the State – a video from the dash camera

---

[3] Texas Transportation Code Section 545.060(a), entitled, "Driving on Roadway Laned for Traffic," provides in pertinent part:

(a)     An operator on a roadway divided into two or more clearly marked lanes for traffic:

(1)     shall drive as nearly as practical entirely within a single lane; and

(2)     may not move from the lane unless that movement can be made safely.

Tex. Transp. Code § 545.060(a).

of Watson's police car and Manuel's affidavit for a search warrant to take Bernard's blood. The trial court granted Bernard's motion to suppress.

## *The Trial Court's Findings and Conclusions*

The trial court entered findings of fact and conclusions of law regarding its order granting Bernard's motion to suppress the warrantless stop and blood alcohol test results. Of the twenty-six findings of fact made by the trial court, the following are most pertinent to this appeal:

- Watson followed Bernard for approximately one minute to one minute-and-one-half before activating her emergency lights and initiating a warrantless traffic stop on Bernard;

- Watson's dash cam video began recording approximately two minutes prior to her activating her emergency lights;

- Bernard properly and without incident initiated his right turn signal, changed lanes into the right lane, and pulled onto the shoulder of the roadway upon seeing Watson's flashing emergency lights;

- Watson requested Bernard to pull across Highway 146 into the parking lot of a nearby local business, the Family Dollar. He complied and drove his vehicle across Highway 146, without incident, into the Family Dollar parking lot;

- Watson testified Bernard's vehicle went outside his lane of travel twice and that his vehicle's tires did not cross the line very far, but about 3 feet or less;

- Watson testified there was nothing unsafe about Albert Bernard's driving;

- There was no other traffic around Bernard while he was maintaining or failing to maintain a single lane;

- There was no smell or odor of alcohol on Bernard but only an odor of cologne;

- Manuel testified Bernard had fair yet slow and deliberate speech, uncooperative attitude, and refused to participate in Standardized Field Sobriety Tests;

- Manuel viewed the dash cam video and testified that Bernard's vehicle only crossed 6-to-8 inches over the lane divider at one point, and approximately 4

4

inches at another point. He further testified that in viewing the dash cam video that it appeared to him that Bernard was mostly just "drifting" from side to side within his own lane; and

- Manuel testified Bernard's vehicle did not interfere with any other traffic, and that his driving was not unsafe.

The trial court also made the following relevant conclusions of law:

- Watson stopped Bernard without reasonable suspicion of driving while intoxicated. Bernard was not driving in an unsafe manner to any other vehicles on the road, and no reasonable suspicion of a traffic offense under Texas Transportation Code 545.060 existed at the time he was stopped. Bernard's driving was not unsafe to himself or others as evidenced by the testimony of both Watson and Manuel;

- The affidavit supporting the search warrant for blood alcohol test in this case is inconsistent with the requirements under the law since it fails to provide a substantial basis to conclude that probable cause existed; and

- The affidavit of Manuel for a search warrant does not provide a substantial basis to conclude that probable cause existed to take Albert Bernard's blood.

In accordance with the requirements of 44.01(a)(5) of the Texas Code of Criminal Procedure, the State certified in its notice of appeal that "the present appeal is not taken for the purpose of delay and the evidence is of substantial importance."[4]

---

[4] *See State v. Chupik*, 343 S.W.3d 144, 145-46 (Tex. Crim. App. 2011) ("Under Article 44.01(a)(5) of the Code of Criminal Procedure, the State is entitled to appeal an order of a court in a criminal case if the order 'grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case *and* if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.'") (emphasis added).

## ANALYSIS

### I.  Standard of Review

When reviewing a trial court's ruling on a motion to suppress, we give almost total deference to the court's determination of the historical facts that the record supports, especially when those fact findings are based on an evaluation of the witnesses' credibility and demeanor.[5] *Leming v. State*, 493 S.W.3d 552, 562 (Tex. Crim. App. 2016); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We accord the same level of deference to the trial court's rulings on mixed questions of law and fact if those decisions turn on the credibility and demeanor of the witnesses.  *Id*.  We review de novo mixed questions of law and fact that do not turn on witness credibility.  *Id*.  Despite its fact-sensitive analysis, the "reasonableness" of a specific search or seizure under the Fourth Amendment is subject to de novo review.  *Kothe v. State,* 152 S.W.3d 54, 62 (Tex. Crim. App. 2004).

Where, as here, the trial judge makes express findings of fact, we must first determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings.  *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).  We uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case.  *State v. Iduarte*, 268 S.W.3d 544, 548–49 (Tex. Crim. App. 2008).  Thus, if supported by the record, a trial court's ruling on a motion to suppress will not be overturned. *Mount v. State*, 217 S.W.3d 716, 724 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

---

[5] At a suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented.  *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007).

## II.     No abuse of discretion in suppressing warrantless stop

In its first issue, the State argues that the trial court erred in granting Bernard's motion to suppress his arrest, maintaining there was reasonable suspicion that Bernard violated the traffic offense of failure to maintain a single lane under Section 545.060(a) of the Texas Transportation Code.

A warrantless automobile stop is a Fourth Amendment seizure analogous to a temporary detention, and it must be justified by reasonable suspicion.  *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984); *see Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). The reasonableness of a temporary detention is determined from the totality of the circumstances.  *Leming*, 493 S.W.3d at 562; *Zuniga–Hernandez v. State*, 473 S.W.3d 845, 848 (Tex. App.—Houston [14th Dist.] 2015, no pet.).  If an officer has a reasonable basis for suspecting a person has committed a traffic offense, then the officer legally may initiate a traffic stop. *Id*.  Reasonable suspicion is present if the officer has "specific, articulable facts that, combined with rational inferences from those facts, would lead [the officer] reasonably to conclude that the person . . . is, has been, or soon will be engaged in criminal activity." *Derichsweiler*, 348 S.W.3d at 914; *Zuniga–Hernandez*, 473 S.W.3d at 848.  "An officer's stated purpose for a stop can neither validate an illegal stop nor invalidate a legal stop because the stop's legality rests on the totality of the circumstances, viewed objectively." *Id*.

Watson testified that she stopped Bernard because she observed him failing to maintain a single lane of traffic and wanted to do a "welfare check."[6]  The trial court suppressed the warrantless stop, finding no reasonable suspicion of a traffic violation existed under Tex. Transp. Code Ann. § 545.060 and citing in its

---

[6] Despite this testimony, the State did not pursue a "community caretaking function" argument at trial or on appeal.  The trial judge made no finding as to community caretaking.

conclusions of law an Austin appellate court's holding in *Hernandez v. State*, 983 S.W.2d 867, 870 (Tex. App.—Austin 1998, pet. ref'd), to support its ruling. In *Hernandez,* the court upheld the suppression, finding that the State did not meet its burden of proving the warrantless stop of the accused was reasonable because the State failed to prove *both* prongs of Section 545.060; (1) failing to drive as nearly as practical entirely within a single lane and (2) moving from the lane when not safe to do so. *See* 983 S.W.2d at 871; *Atkinson v. State*, 848 S.W.2d 813, 815 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (interpreting predecessor statute); *see also Eichler v. State*, 117 S.W.3d 897, 900–01 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (interpreting Section 545.060 in accordance with *Atkinson* and *Hernandez*). The State agreed that *Hernandez* applied, but argued that the evidence satisfied both prongs.

After briefing was completed in this case, a plurality of the court of criminal appeals rejected the *Atkinson*/*Hernandez* analysis, interpreting Section 545.060 of the Texas Transportation Code as creating two separately actionable offenses. *Leming v. State*, 493 S.W.3d 552, 559 (Tex. Crim. App. 2016). In *Leming*, the four-judge plurality stated:

> [I]t is an offense to change marked lanes when it is unsafe to do so; but it is also an independent offense to fail to remain entirely within a marked lane of traffic so long as it remains practical to do so, regardless of whether the deviation from the marked lane is, under the particular circumstances, unsafe.

*Id.*, at 559-60. Plurality opinions, however, do not constitute binding authority. *Vasquez v. State*, 389 S.W.3d 361, 370 (Tex. Crim. App. 2012) (plurality opinion has no binding precedential value). Absent a decision from a higher court or this court sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court. *Medina v. State*, 411 S.W.3d 15, 20

n.5 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Accordingly, *Eichler* controls. *See* 117 S.W.3d at 900–01.

Based on the dash cam video and the testimony of the officers, the trial court found no violation of the Transportation Code. Just as in *Eichler*, the State presented no evidence that appellant's failure to stay in a single marked lane was unsafe. *Eichler*, 117 S.W.3d at 901. Watson's dash cam video does not contradict this finding. *See State v. Duran*, 396 S.W.3d 563, 570 (Tex. Crim. App. 2013) (appellate court may review de novo indisputable visual evidence contained in a videotape). We overrule the State's first issue.

## III.    No abuse of discretion in suppressing results of blood draw

The State next argues that the trial court erred by suppressing the results of the blood alcohol test, asserting that Manuel included sufficient information within the search warrant affidavit for a magistrate judge to conclude there was probable cause and, thus, issue a search warrant for the taking of Bernard's blood.

As set forth above, Watson's stop of Bernard was unlawful. Because any statements made to or observations by Manuel were derived from Watson's illegal detention, the affidavit prepared by Manuel could not provide probable cause for searching Manuel's blood. A search warrant may not be procured lawfully by the use of illegally obtained information. *McClintock v. State*, 480 S.W.3d 734, 742 (Tex. App.—Houston [1st Dist.] 2015, pet. granted). Evidence which is obtained as the result of an illegal arrest may be suppressed by a defendant. *Johnson v. State*, 878 S.W.2d 164, 168 (Tex. Crim. App. 1994); *see also Wong Sun v. United States*, 371 U.S. 471, 487–88 (1963); *Iduarte*, 268 S.W.3d at 550; *Overshown v. State*, 329 S.W.3d 201, 204 (Tex. App.—Houston [14th Dist.] 2010, no pet.); Tex.

9

Crim. Proc. Code Ann. art. 38.23(b).[7] Accordingly, the State has failed to demonstrate the trial court erred in granting the motion to suppress. *See Wade v. State*, 422 S.W.3d 661, 676 (Tex. Crim. App. 2013); *State v. Mazuca*, 375 S.W.3d 294, 306 (Tex. Crim. App. 2012); *Viveros v. State*, 828 S.W.2d 2, 4 (Tex. Crim. App. 1992); *Smith v. State*, 58 S.W.3d 784, 793–94 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

We overrule the State's second issue.

### CONCLUSION

We affirm the ruling of the trial court.

/s/    Martha Hill Jamison
       Justice

Panel consists of Justices Jamison, Donovan, and Brown.
Publish — Tex. R. App. P. 47.2(b).

---

[7] Tex. Code Crim. Proc. art. 38.23 provides:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case....

(b) It is an exception to the provisions of subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.