Stacey M. Soule, for the State.

Daniel Krieger, for appellee.

**The STATE of Texas**

v.

**Albert Tyrone BERNARD, Appellee**

**NO. PD–1335–16**

Court of Criminal Appeals of Texas.

DELIVERED: March 1, 2017

## OPINION

Per curiam

On August 20, 2014, at approximately 2:30 a.m., Deputy Tracy Watson observed a vehicle, driven by appellee, about a quarter mile ahead of her "swerving from lane to lane and even going into the center lane." Watson activated her emergency lights and pulled the vehicle over. Appellee was ultimately arrested without a warrant and charged with misdemeanor driving while intoxicated. The officers obtained and executed a search warrant for a blood draw.

In a pre-trial motion to suppress, appellee argued that his stop and subsequent arrest without a warrant and without probable cause violated his constitutional rights. The trial court held a hearing and granted the motion. The court entered extensive written findings of fact and conclusions of law. Among its conclusions of law, the trial court concluded that: (1) Watson stopped appellee without reasonable suspicion of driving while intoxicated; and (2) appellee was not driving in an unsafe manner and there was no reasonable suspicion of a traffic offense under Texas Transportation Code section 545.060(a) at the time he was stopped. TEX. TRANSP. CODE § 545.060(a) (setting forth how an operator of a vehicle must drive on a roadway with traffic lanes).

The State appealed. In its first point of error, the State presented two arguments in support of the traffic stop: (1) there was reasonable suspicion that appellee violated Transportation Code Section 545.060(a); and (2) there was reasonable suspicion that appellee was driving while intoxicated. The court of appeals addressed only the first of these arguments and held that the traffic stop was not supported by reasonable suspicion and that appellee had violated Section 545.060(a) of the Transportation Code. *State v. Bernard*, 503 S.W.3d 685, 690–91 (Tex. App.–Houston [14th Dist.] 2016). The court further held that because the stop was illegal, evidence obtained in the illegal detention could not provide the probable cause for the search warrant for the blood draw. *Id.* at 691–92.

The State has now filed a petition for discretionary review claiming in part that the court of appeals erred in failing to address the State's alternative argument that the stop was justified by reasonable suspicion that appellee was driving while intoxicated. We agree. If the stop was supported by reasonable suspicion that appellee was driving while intoxicated, as the State contends, the disposition of the case may change. A court of appeals must issue a written opinion "that addresses every issue raised and necessary to final disposition of the appeal." Tex. R. App. P. 47.1. We grant ground (2) of the State's petition, vacate the judgment of the court of appeals, and remand this case to that court to address the State's argument that the traffic stop was supported by reasonable suspicion that appellee was driving while intoxicated.

We refuse ground (1) of the State's petition for discretionary review with prejudice.