

# NUMBER 13-18-00244-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                                 Appellant,

v.

SHEILA JO HARDIN,                                                                 Appellee.

## On appeal from the 319th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Hinojosa**

The State of Texas appeals the trial court's order granting appellee Sheila Jo Hardin's motion to suppress evidence following a warrantless traffic stop. In a single issue, the State argues that the trial court erred in concluding that the detaining officer lacked reasonable suspicion to believe that Hardin committed a traffic offense by failing

to maintain a single lane of traffic.    *See* TEX. TRANSP. CODE ANN. § 545.060.    We affirm.

## I.    BACKGROUND

A grand jury returned an indictment charging Hardin with the following offenses: fraudulent possession of identifying information, *see* TEX. PENAL CODE ANN. § 32.51, and forgery of a government instrument.    *See id*. § 32.21.    Hardin subsequently filed a motion to suppress evidence obtained during the traffic stop.

David Alfaro, an officer with the City of Corpus Christi Police Department, was the State's sole witness at the suppression hearing.    Officer Alfaro testified that he observed a U-Haul truck at around 1:19 a.m. parked at a fast food restaurant in Corpus Christi, Texas.    He recalled that he had received a notice to "be on the lookout" (BOLO) for a U-Haul that was suspected of being involved in multiple burglaries.    Officer Alfaro followed the U-Haul in his marked patrol car onto I-37, and he later observed the vehicle's tires cross the white line into the adjacent lane for a "couple seconds."    Officer Alfaro then initiated a traffic stop based upon his suspicion that the vehicle's driver committed the offense of "failure to maintain [a] single lane of travel."

The trial court admitted into evidence the dash-cam video from Officer Alfaro's patrol vehicle, which it then viewed.    The video depicts Hardin's vehicle traveling in the center lane of a three-lane divided highway.    There are no other vehicles visible on Hardin's side of the highway for the duration of the video.    The passenger side rear tire of Hardin's vehicle can be seen straddling the lane divider shortly after rounding a curve. The vehicle then moves slowly toward the opposite lane divider, while remaining in its lane.    At this point, Officer Alfaro activates his patrol lights, and Hardin responds by

2

exiting the highway and pulling over.

The trial court signed an order granting Hardin's motion to suppress, which was supported by the following findings of fact and conclusions of law:

**FINDINGS OF FACT.**

1. The trial court finds credible the testimony of Corpus Christi Police Officer D. Alfaro that on April 23, 2017, he observed Sheila Jo Hardin's vehicle traveling on the highway in front of him in the marked center lane of travel, and that he initiated a traffic stop for failure to maintain a single lane after he observed Hardin's tires cross over the striped lines marking the center lane without Hardin signaling a lane change, although there were no other vehicles in the vicinity at the time or any other circumstance to suggest that this movement was unsafe. The trial court further finds that a video recording of Hardin's vehicle made at the time of these observations and entered into evidence at the hearing on [the] motion to suppress supports Officer Alfaro's testimony.

2. The Court further finds there was no evidence concerning the time of alleged burglaries or the BOLO regarding the U-Haul, the source of the information that a U-Haul was involved in burglaries in the area; or the reliability of the source, and there was no description of the vehicle regarding size, license plate, etc., from which an officer could reasonably suspect Defendant's vehicle might be involved in or have evidence of criminal activity.

**CONCLUSION OF LAW.**

The trial court concludes that Officer Alfaro lacked reasonable suspicion to detain Hardin at the time he initiated a traffic stop and that all evidence obtained as a result of this illegal detention should be suppressed.

This interlocutory appeal followed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5).

## II. DISCUSSION

The State argues that the trial court erred in concluding that Officer Alfaro lacked

reasonable suspicion to stop Hardin for committing a traffic offense.[1]   Specifically, the State maintains that "[f]ailure to maintain a single lane, whether or not it can be done safely, is a traffic violation which in itself provided reasonable suspicion for Officer Alfaro to stop Hardin."

## A.     Standard of Review and Applicable Law

The Fourth Amendment protects against unreasonable searches and seizures. U.S. CONST. amend. IV.   A warrantless traffic stop is a Fourth Amendment seizure analogous to a temporary detention, and it must be justified by reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011).   An officer may conduct a traffic stop if the officer has reasonable suspicion that the person has committed a traffic violation.   *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). Reasonable suspicion exists if the officer has specific, articulable facts that, combined with rational inferences from those facts, would lead the officer to reasonably conclude that the person is, has been, or soon will be engaged in criminal activity.   *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007).   This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists.   *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).   A reasonable-suspicion determination is made by considering the totality of the circumstances.   *Curtis v. State*, 238 S.W.3d 376, 379 (Tex. Crim. App. 2007).

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review.   *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013).   We afford

---

[1] The State does not maintain on appeal that the BOLO provided Officer Alfaro with reasonable suspicion to stop Hardin, nor does it challenge the trial court's finding in that regard.

4

almost total deference to a trial court's determination of historical facts when supported by the record, but we review pure questions of law de novo. *Alford v. State*, 358 S.W.3d 647, 652 (Tex. Crim. App. 2012). Likewise, we give almost total deference to a trial court's resolution of mixed questions of law and fact if those questions turn on the credibility and demeanor of witnesses. *Id*. However, if credibility and demeanor are not necessary to the resolution of a mixed question of law and fact, we review the question de novo. *Id*. We apply this deferential standard to videotape evidence admitted at a suppression hearing when that videotape recording was used to determine historical facts. *Tucker v. State*, 369 S.W.3d 179, 185 (Tex. Crim. App. 2012). This standard requires that we defer to the trial court's finding on whether a witness actually saw or heard what was depicted in a videotape. *State v. Duran*, 396 S.W.3d 563, 571 (Tex. Crim. App. 2013). But we may reject a trial court's fact finding if it is contrary to "indisputable visual evidence." *Id*.

Here, whether there was reasonable suspicion to detain Hardin is not a function of Officer Alfaro's demeanor or credibility, but of the legal significance of the uncontested facts. Therefore, we review de novo the ultimate question of whether Officer Alfaro was justified in stopping appellant's vehicle. *See State v. Ford*, 537 S.W.3d 19, 23 (Tex. Crim. App. 2017) ("[W]hether the facts, as determined by the trial court, add up to reasonable suspicion . . . is a question to be reviewed de novo.").

**B. Analysis**

Section 545.060(a) of the transportation code provides that "[a]n operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly

as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely." TEX. TRANSP. CODE ANN. § 545.060(a). We have previously held that "weaving somewhat in one's own lane of traffic," without evidence indicating that such movement was unsafe, does not furnish an officer with reasonable suspicion of a § 545.060(a) violation. *State v. Cerny*, 28 S.W.3d 796, 801 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.); *see also State v. Alvarez*, No. 13-14-00061-CR, 2015 WL 4593832, at *4 (Tex. App.—Corpus Christi–Edinburg July 30, 2015, no pet.) (mem. op., not designated for publication).

In *Cerny*, a state trooper noticed the defendant's car when it "just barely" swerved across the center line into the trooper's lane of traffic. 28 S.W.3d at 798. The trooper made a U-turn, began to follow the defendant, and turned on the vehicle's dash-cam. *Id*. He then observed the car swerve over the solid white line separating the traffic lane from the right shoulder of the road three or four times. *Id*. In reviewing whether there was reasonable suspicion to conduct a traffic stop, we followed two of our sister courts' opinions which concluded that a violation of § 545.060 occurs only when a vehicle fails to stay within its lane of traffic and such movement is unsafe.[2] *Id*. While the testimony established that the defendant was weaving and had crossed partially into another lane and the shoulder, there was no evidence that his actions were unsafe. *Id*. at 801. Absent such evidence, we held that the trooper lacked reasonable suspicion to believe that the defendant committed a traffic violation. *Id*. at 801.

Subsequently, a plurality of the Texas Court of Criminal Appeals interpreted

---

[2] *See Hernandez v. State*, 983 S.W.2d 867, 871 (Tex. App.—Austin 1998, pet. ref'd) and *State v. Tarvin*, 972 S.W.2d 910, 912 (Tex. App.—Waco 1998, pet. ref'd).

§ 545.060 as creating two separate offenses. *Leming v. State*, 493 S.W.3d 552, 559 (Tex. Crim. App. 2016). In *Leming*, the four-judge plurality[3] stated:

> [I]t is an offense to change marked lanes when it is unsafe to do so; but it is also an independent offense to fail to remain entirely within a marked lane of traffic so long as it remains practical to do so, regardless of whether the deviation from the marked lane is, under the particular circumstances, unsafe.

*Id.* at 559–60. Plurality opinions have persuasive value, but they do not constitute binding authority. *Vasquez v. State*, 389 S.W.3d 361, 370 (Tex. Crim. App. 2012). We are bound by this Court's prior holding absent an intervening and material change in the statutory law or a decision from a higher court or this Court sitting en banc that is on point and contrary to the prior panel decision. *In re Estrada*, 492 S.W.3d 42, 48 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *Medina v. State*, 411 S.W.3d 15, 20 n.5 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Because *Leming's* plurality opinion is not binding authority, *Cerny* remains controlling precedent. *See State v. Bernard*, 503 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2016) (concluding that the Fourteenth Court of Appeals was bound by its own precedent which was contrary to the *Leming* plurality's construction of § 545.060 of the transportation code), *judgment vacated on other grounds*, 512 S.W.3d 351 (Tex. Crim. App. 2017).

Here, after viewing the dash-cam video and hearing Officer Alfaro's testimony, the trial court found that Officer Alfaro observed the tires of Hardin's vehicle cross minimally into an adjacent lane after rounding a curve in the road. The trial court further found that Hardin's actions were not unsafe, a finding the State does not challenge on appeal and

---

[3] A majority of the justices failed to join only Part II of the *Leming* opinion, which interpreted § 545.060 of the transportation code. *Leming v. State*. 493 S.W.3d 552 (Tex. Crim. App. 2016).

which is supported by the record. Therefore, in accordance with this Court's precedent, we conclude that Officer Alfaro did not have reasonable suspicion to stop Hardin for violating § 545.060 of the transportation code. *See Cerny*, 28 S.W.3d at 801. Because this was the only articulated basis for the detention, we hold that the trial court did not err in granting Hardin's motion to suppress. We overrule the State's sole issue.

### III. CONCLUSION

We affirm the trial court's suppression order.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of August, 2019.