# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40635

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO VALENZUELA-GODINEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:*

Francisco Valenzuela-Godinez challenges the district court's order denying his motion to suppress, arguing that the evidence resulting from his traffic stop is fruit of the poisonous tree. Valenzuela-Godinez contends that the officer who pulled him over had no reasonable suspicion that he had violated Texas's traffic code. Because we hold that the officer's interpretation of the law, even if mistaken, was objectively reasonable, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40635

## I. BACKGROUND

On July 24, 2018, Anthony Abel Zertuche, a corporal with the La Salle County Sheriff's Office, was answering dispatch calls in his patrol car when an agent with the Drug Enforcement Agency (DEA) informed him of a white Chevrolet Suburban "of interest" that had recently crossed the border. Soon thereafter, Zertuche spotted the vehicle driving in the right-hand lane of I-35, and pulled onto the interstate to follow at a two-lengths distance in the left-hand (passing) lane. Both cars drove below the speed limit.

As he followed the white Chevrolet, Zertuche observed the vehicle veer over the fog line "several times" over a span of approximately ten minutes. Zertuche believed the drifting amounted to probable cause and pulled over the Suburban for failing to drive in a single traffic lane. He admitted, however, that he never saw the vehicle drift over the fog line unsafely.

Behind the wheel was defendant Francisco Valenzuela-Godinez, accompanied by his wife and two children. Valenzuela-Godinez did not protest Zertuche's explanation that he had been pulled over for veering over the fog line, which dashcam footage later confirmed. Zertuche ran both Valenzuela-Godinez's and his wife's identifications, as he and Deputy Michael Sauceda (who had arrived separately) independently asked both parties about their travel, receiving conflicting answers.

At this point, approximately eleven minutes into the stop, Zertuche asked if he could search the vehicle for narcotics. Valenzuela-Godinez consented, and Zertuche promptly uncovered nine wrapped bundles of cocaine underneath the back seat. Valenzuela-Godinez later permitted a search of his cellphone, and DEA agents found text messages that revealed he had agreed to transport the drugs from Mexico to Houston for $4,000.

Valenzuela-Godinez was arrested and charged with one count of conspiracy to possess with intent to distribute, and one count of possession

with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. He moved to suppress all evidence from the traffic stop, contending that the stop was invalid and any evidence that resulted was fruit of the poisonous tree.

Following a suppression hearing, during which the court reviewed Zertuche's testimony and video from his bodycam and dashcam, the magistrate judge recommended that Valenzuela-Godinez's motion be denied. The judge held that Valenzuela-Godinez had violated Texas Transportation Code § 545.060 by driving over the fog line, and that Zertuche's pursuit did not cause the traffic violation.

The district court agreed with the magistrate judge's recommendation. It held, however, that Valenzuela-Godinez had not in fact violated the Texas Transportation Code, but that Zertuche's misunderstanding was a reasonable mistake of the law that supported a finding of reasonable suspicion. Valenzuela-Godinez entered a conditional guilty plea, reserving his right to challenge the district court's denial of his motion to suppress. He timely appealed.

## II. DISCUSSION

When evaluating a denial of a defendant's motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo.[1] In conducting our review, we consider "the evidence in the light most favorable to the Government as the prevailing party."[2]

The Fourth Amendment protects against "unreasonable searches and seizures."[3] "The stopping of a vehicle and detention of its occupants constitutes

---

[1] *United States v. Garcia-Lopez*, 809 F.3d 834, 838 (5th Cir. 2016).

[2] *United States v. Gomez*, 623 F.3d 265, 269 (5th Cir. 2010).

[3] U.S. CONST. am. IV.

No. 19-40635

a 'seizure' under the Fourth Amendment."[4] Any evidence derived from an unreasonable seizure must be disregarded under the fruit-of-the-poisonous-tree doctrine.[5]

While the Fourth Amendment generally demands warrants to search or seize individuals, there are certain well-established exceptions, such as the *Terry* stop.[6] *Terry* allows police officers to briefly detain individuals if they reasonably suspect criminal activity is afoot.[7] To show the suspicion was reasonable, the officer must identify "specific and articulable facts" that justified the stop.[8] "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."[9] Such reasonable suspicion, the Supreme Court has held, can rest on a mistaken understanding of the law, so long as the mistake is objectively reasonable.[10] At issue here is whether Zertuche had reasonable suspicion to stop Valenzuela-Godinez—that is, whether he committed a reasonable mistake of law in his interpretation of § 545.060(a).

Section 545.060(a) of the Texas Transportation Code states: "An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely." Texas appellate courts that initially addressed the statute held that the State must prove both prongs of § 545.060(a): the State is required to show the driver *unsafely* failed

---

[4] *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc).

[5] *United States v. Cotton*, 722 F.3d 271, 278 (5th Cir. 2013).

[6] *See Terry v. Ohio*, 392 U.S. 1, 28–29 (1968).

[7] *Id.* at 30.

[8] *United States v. Hill*, 752 F.3d 1029, 1033 (5th Cir. 2014).

[9] *Whren v. United States*, 517 U.S. 806, 810 (1996).

[10] *Heien v. North Carolina*, 574 U.S. 54, 60–61 (2014).

to stay entirely within a single lane.[11] In *Leming v. State*, however, the eight judges of Texas's highest criminal court evenly split in their statutory interpretation of § 545.060(a).[12] Four judges agreed with the lower criminal courts' interpretation.[13] Yet the other four judges concluded that the State may prove either that the driver failed to stay entirely within a single lane, *or* that the driver moved into another lane unsafely.[14] Since *Leming*, courts of Texas are split. At least two Texas appellate courts have held that failing to maintain a single lane constitutes an independent offense.[15] Other courts continue to adhere to their precedent.[16]

Valenzuela-Godinez argues that because the Fourth Court of Appeals in San Antonio (which has jurisdiction over appeals from La Salle County courts) held twenty-one years ago in *State v. Arriaga* that the State must prove both

---

[11] *See, e.g., State v. Cerny*, 28 S.W.3d 796, 801 (Tex. App.—Corpus Christi 2000, no pet.) (holding that a police officer did not have a reasonable belief that defendant violated § 545.060 because while defendant weaved, there was no evidence his actions were unsafe); *Hernandez v. State*, 983 S.W.2d 867, 871 (Tex. App.—Austin 1998, pet. ref'd) ("We believe the statutory language shows a legislative intent that a violation of section 545.060 occurs only when a vehicle fails to stay within its lane *and* such movement is not safe or is not made safely."). *See also United States v. Raney*, 633 F.3d 385, 393 (5th Cir. 2011) (per curiam) (arguably understanding the statute to require both a failure to maintain lanes and that said failure was unsafe).

[12] 493 S.W.3d 552, 553 (Tex. Crim. App. 2016) (plurality op.).

[13] *Id.* at 567–68 (Keasler, J. dissenting) and 573 (Newell, J., dissenting).

[14] *Id.* at 560–61 and 576 (Richardson, J. concurring).

[15] *See, e.g., State v. Meras*, 10-18-00345-CR, 2020 WL 103805, at *2 (Tex. App.—Waco Jan. 8, 2020, pet. filed) ("[W]e agree that it is an independent offense to fail to remain entirely within a marked lane of traffic when it is otherwise practical to do so, regardless of whether the deviation from the marked lane is, under the particular circumstances, unsafe."); *State v. Virginia S.*, 12-17-00176-CR, 2018 WL 636085, at *4 (Tex. App.—Tyler Jan. 31, 2018, pet. ref'd) (agreeing with *Leming* in overturning a motion to suppress).

[16] *See, e.g., State v. Hardin*, 13-18-00244-CR, 2019 WL 3484428, at *3 (Tex. App.—Corpus Christi Aug. 1, 2019, pet. granted) (adhering to precedent because plurality opinions "do not constitute binding authority"); *State v. Bernard*, 503 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2016), petition for discretionary review granted, judgment vacated on other grounds, 512 S.W.3d 351 (Tex. Crim. App. 2017) (holding the court was bound by its precedent).

prongs of § 545.060(a), its precedent controls.[17] Relying on the *Arriaga* decision, Valenzuela-Godinez maintains that Zertuche's understanding of the statute was unreasonable. We disagree. In light of the statute's ambiguous text, coupled with the clear divide among Texas courts over its meaning, we hold that Zertuche's belief that Valenzuela-Godinez broke the law by failing to maintain a single lane of traffic, even if mistaken, was objectively reasonable. Our conclusion is consistent with previous decisions by this court.[18]

Valenzuela-Godinez contends that regardless of whether he violated § 545.060(a), Zertuche caused him to veer by following him at a close distance for ten minutes in the left-hand lane. Valenzuela-Godinez relies on *United States v. Jones*, where we held that a defendant swerving onto pavement was "the natural, innocent-man's response to being tailgated and not so much the apprehension of the guilty at being caught."[19] Valenzuela-Godinez's reliance on *Jones* is misplaced. Here, dashcam footage shows Zertuche never tailgated Valenzuela-Godinez, nor did he drive recklessly while following in the left-hand lane. The district court did not err in holding that Zertuche's presence did not result in Valenzuela-Godinez's failure to maintain a single lane.

To conclude, we do not endorse either possible interpretation of § 545.060(a). We hold only that Zertuche's belief that Valenzuela-Godinez violated the statute, mistaken or not, was objectively reasonable. Zertuche therefore had reasonable suspicion, justifying the traffic stop. Because the stop was lawful, any resulting evidence was not fruit of the poisonous tree.

---

[17] *See State v. Arriaga*, 5 S.W.3d 804, 807 (Tex. App.—San Antonio 1999, pet. ref'd).

[18] *United States v. Neal*, 777 F. App'x 776, 776–77 (5th Cir. 2019) (per curiam). The court, citing *Leming* and *Heien*, held, "[A]ny belief by the officers that § 545.060(a) required only failure to maintain a lane (and not, in addition, unsafe movement), even if mistaken, was objectively reasonable." *Id.* An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may serve as persuasive authority. 5th CIR. R. 47.5.4.

[19] *United States v. Jones*, 149 F.3d 364, 371 (5th Cir. 1998). The officer in that case admitted to following the defendant at an unsafe distance. *Id.* at 366 n.2.

No. 19-40635

## III.  CONCLUSION

Based on the foregoing reasons, the district court did not err in denying Valenzuela-Godinez's motion to suppress.

AFFIRMED.