

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00181-CR
_____

AJAK MALUAL GWATH, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1600434D

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Ajak Malual Gwath appeals from a judgment adjudicating him guilty of indecency with a child and sentencing him to three years' incarceration. We affirm.

## I. Background

In October 2019, Appellant was indicted for three counts of sexual assault of a child. Pursuant to a negotiated guilty plea, the State waived Counts 1–3 and amended the indictment to add Count 4, indecency with a child. Appellant pleaded guilty to indecency with a child and was placed on community supervision in January 2020. The trial court deferred adjudication of guilt for five years and assessed a $500 fine and $300 in court costs. In February 2020, the State petitioned to proceed to adjudication, alleging Appellant had violated the terms of his community supervision. The State later withdrew the petition after Appellant was ordered to serve a term of confinement in an intermediate sanction facility.

In August 2021, the State filed its second petition to proceed to adjudication alleging that Appellant (1) committed the offense of "Sex Offenders Duty to Register Life/Annually" and (2) failed to pay supervision fees and costs. At his revocation hearing on November 15, 2021, Appellant pleaded "not true" to both allegations. Tarrant County Probation Officer Sophia Badih and Officer Thomas Johnson with the Fort Worth Police Department's Sex Offender Registration and Tracking Unit testified for the State. As factfinder, the trial court found both allegations true and found Appellant had violated the terms and conditions of his community supervision.

The trial court adjudicated Appellant guilty of indecency with a child and sentenced him to three years' incarceration.

## II. Sufficiency of the Evidence

In his first issue on appeal, Appellant argues that the State's evidence was insufficient to show Appellant violated the conditions of his community supervision by committing the offense of failure to register as a sex offender.

### A. Standard of Review

We review a trial court's decision to adjudicate guilt with the same standard we use to review a trial court's decision to revoke community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42A.108(b). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of community supervision. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

**B. Failure to Comply with Registration Requirements**

A person commits the offense of failure to comply with sex-offender registration requirements if the person is required to register and fails to comply with any requirement of Chapter 62 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 62.102(a). Under Chapter 62, a person who is required to register as a condition of community supervision "shall register . . . with the local law enforcement authority[1] in any municipality where the person resides or intends to reside." *Id.* art. 62.051(a). The registration process requires the person to provide "the address at which the person resides or intends to reside." *Id.* art. 62.051(c)(1-a). If the person does not move to an intended residence within seven days of leaving a previous residence, the person must report to his community supervision officer and provide the address of his temporary residence and continue to report weekly until the person moves to an intended residence. *Id.* art. 62.051(h). Once a person has registered an address, if the person later intends to change that address, the person must—within seven days—report to both the "local law enforcement authority designated as the person's primary registration authority" and the person's community supervision officer and provide the anticipated move date and new address. *Id.* art. 62.055(a). The continuing duty to report also requires the person to report any changes in employment status—within seven days or the first date the applicable authority allows

---

[1]"Local law enforcement authority" means the office of the chief of police of a municipality, the office of the sheriff of a county in this state, or a centralized registration authority. *Id.* art. 62.001(2).

the person to report—to the "local law enforcement authority designated as the person's primary registration authority." *Id.* art. 62.057(b). "[A] person's job status changes if [he] leaves employment for any reason . . . or begins employment with a new employer[.]" *Id.* art. 62.057(c).

## C. Analysis

As part of his community supervision, Appellant was required to register as a sex offender in accordance with Chapter 62 of the Code of Criminal Procedure. *See generally* Tex. Code Crim. Proc. Ann. Ch. 62.

Officer Badih testified that she had supervised Appellant since February 2021. During the ten months Officer Badih supervised Appellant, his registered vehicle was a 2008 Toyota Camry, and he had registered two addresses. At the time of the adjudication petition's filing, Appellant's registered residence was at a friend's house in Fort Worth.

Officer Johnson testified that he investigated Appellant's compliance with his registration requirements. To check for compliance, Officer Johnson visited Appellant's registered Fort Worth residence approximately five times over a period of "months." Appellant had registered the address with the Fort Worth Police Department, but Officer Johnson never found Appellant at that residence.

Regarding Appellant's employment, Officer Badih testified that Appellant reported to her in February 2021 that he was working at W Packaging. During the ten months Officer Badih supervised Appellant, Appellant never reported a change in

employment status. Indeed, to Officer Badih's knowledge, Appellant was still employed by W Packaging. But Officer Johnson testified that Appellant worked at SKU2U Fulfillment, a warehouse distribution center in Fort Worth. Officer Johnson located Appellant's Toyota Camry at SKU2U's business address in Fort Worth. The company's human resources department confirmed that Appellant had accepted its employment offer on June 11, 2021. And Officer Johnson testified that Appellant drove his vehicle to SKU2U Fulfillment and was on shift working at the time he was arrested in August 2021. However, Appellant had never registered any employment with the Fort Worth Police Department.

Based on the witnesses' testimony, the trial court could have determined Appellant failed to report the change in his employment status—and therefore failed to comply with the sex-offender registration requirements. *See id.* art. 62.057(b); *Mantooth v. State*, 269 S.W.3d 68, 77 (Tex. App.—Texarkana 2008, no pet.).

Notwithstanding the above testimony, Appellant argues he was not required to register with or report to the Fort Worth Police Department because the Bedford Police Department was the appropriate local law enforcement authority to whom he owed the duty to register. Therefore, Appellant argues, because the State did not present evidence showing he had failed to register with and report to the Bedford Police Department, rather than Fort Worth, the evidence was insufficient to show he violated the conditions of community supervision.

6

Appellant's initial sex-offender registration paperwork from January 2020 lists a Bedford location as his physical address and the Bedford Police Department as the local law enforcement agency for verification of registration. But when Appellant moved to the Fort Worth address, he registered that address and employment with his community supervision officer, and he registered the Fort Worth address with the Fort Worth Police Department. He had not reported a change of address to either the Fort Worth Police Department or his community supervision officer. *See* Tex. Code Crim. Proc. Ann. art. 62.055(a). And no evidence shows that Appellant registered or intended to register in Bedford. Accordingly, the trial court could have concluded Fort Worth was the local law enforcement authority to whom Appellant was required to register and report.

We overrule Appellant's first issue.

### III. Failure to Pay Supervision Fees

In his second issue, Appellant argues that the revocation of his probation for failure to pay supervision fees violated his 14th Amendment due process rights because the trial court did not consider Appellant's ability to pay, whether the failure to pay was willful, or alternatives to incarceration. Based on our disposition of Appellant's first issue, it is unnecessary for us to address his second issue. *See* Tex. R. App. P. 47.1 (requiring appellate courts to hand down opinions that are as brief as practicable but address every issue raised and necessary to the final disposition of the appeal); *State v. Bernard*, 512 S.W.3d 351, 352 (Tex. Crim. App. 2017) (remanding the

7

case to address an alternative issue because it could change the disposition of the case).

## IV. Conclusion

The trial court did not abuse its discretion by revoking Appellant's deferred-adjudication community supervision and adjudicating him guilty of indecency with a child. We affirm the judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 18, 2022